BANCO POPULAR DE PUERTO RICO, Plaintiff and Appellee, *v.* LUIS GARÓFALO ET AL., Defendants and Appellants.

No. 6207. Argued January 25, 1935.—Decided December 24, 1935.

*Armando A. Miranda* for appellants. *Monserrat & Monserrat* for .
appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

As evidenced by a promissory note made in 1925 and transcribed in the complaint the appellants, Luis Garófalo, Mateo Albanese, and Manuel Meseguer, on maturity owed the Banco Popular de Puerto Rico the sum of $9,000 and interest. The complaint then in its fourth paragraph set out that on the 14th of October 1925, the defendant, Luis Garófalo, by deed assigned (*cedió*) to the complainant bank the sum of $7,935.18 which said defendant had in the hands (*en poder*) of the Commissioner of the Interior as 10 per cent retained for certain work that the defendant had executed in Caguas and which amount was to be credited against the $9,000 mentioned in the transcribed note. The fifth paragraph recited in effect that of this assignment the bank had only been able to obtain from the Commissioner the sum of $132.

A demurrer was filed to the complaint on the ground that the 4th and 5th paragraphs showed a novation. Even if the fourth and fifth paragraphs stood alone, we could see no novation, but only an assignment of a credit to be applied to the note as collected. When as recited only $132 could be collected, the transfer, something like a failure of consideration, failed *pro tanto*. Furthermore the promissory note itself set forth that no partial payment should affect the principal obligation, and only $132 could be considered as actually paid. This disposes of the first assignment.

Subsequently or contemporaneously the defendants filed a demurrer on the ground that the complaint was ambiguous, unintelligible, and doubtful. We do not find it so.

██ The demurrers were overruled. The defendants answered and Luis Garófalo filed a cross complaint. The principal question at the trial was and is whether the document turned over to the bank was a mere assignment or a mandate. The document in essence reads as follows:

"*First:* That Mr. Luis Garófalo, Mr. Mateo Albanese, and Mr. Manuel Meseguer, jointly and severally, subscribed on August 12, of the current year, in favor of the Banco Popular de Puerto Rico a promissory note for nine thousand dollars that became due on the 13th of October inst.

"*Second:* That Mr. Luis Garófalo had contracted with the Municipality of Caguas the erection of a building for a municipal hospital and of the schoolhouse of the Turabo ward of the Caguas municipal district.

"*Third:* That as per liquidation of the work of the municipal building certified to by architect Rafael Carmoega and approved by Mr. Guillermo Esteves as Commissioner of the Interior, which is the work executed up to August 31, 1925, and under the terms of the contract, the sum of $6,945.18 had been retained from contractor Luis Garófalo as 10 per cent of the liquidation; and in conformity with the liquidation of the work done in the schoolhouse of the Turabo ward of Caguas, certified to by architect Rafael Carmoega and approved by Guillermo Esteves as Commissioner of the Interior, the sum of $990 as 10 per cent of the liquidation had been retained from contractor Luis Garófalo. The total of the amounts retained was $7,935.18.

"*Fourth:* That Mr. Luis Garófalo assigned to the Banco Popular de Puerto Rico, without any reservation or limitation, the above-retained sums in the aforementioned contracts, substituting it in his stead in regard to any action or claim to be prosecuted or collected, subject to any discounts under the respective contracts, and that any sum collected should be credited on account of the overdue note owing to the assignee bank by assignor Luis Garófalo jointly and severally with Mateo Albanese and Manuel Meseguer, as recited in the first paragraph of the present instrument.

"*Fifth:* That Mr. Luis Garófalo shall advice of said assignment the Commissioner of the Interior, the Auditor of Puerto Rico, the

Mayor, the Accountant and Treasurer of the Municipality of Caguas, and other officers entitled to notice thereof in order that the Banco Popular de Puerto Rico be recognized as the assignee of Mr. Luis Garófalo, be paid the proper sum, and checks and warrants of payment be issued to its name, authorizing and empowering the said bank to sign such receipts, acquittances, and vouchers as may be necessary.

"*Sixth:* The Banco Popular de Puerto Rico, through its manager Enrique Cerecedo, accepts the assignment and the present deed in every respect."

By its terms there is in this writing nothing like a mandate. We doubt, if the parties at the trial in presenting testimony had a right to wander out of the terms of the document. We can not see, however, how the evidence excluded or included would convert the bank into an agent of Garófalo for the purpose of collection or that negligence as set out in the cross complaint could be imputed to the bank. The court below more exhaustively discussed the question and conclusively. Reference may be had to the opinion. This disposes of the 3d, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, 13th, 14th, 15th, 16th, 18th, and 19th assignments of error or else they were harmless and not prejudicial.

Some of them went to the matter of damages. Others to the inclusion or exclusion of evidence or testimony that analyzed could not make the bank an agent or a negligent person. We may add that such an agency on the part of the bank would be most extraordinary. All these assignments were discussed by appellee and reference may be had to the brief.

The second assignment of error relates to a question raised by the appellee during the proceedings and apparently abandoned. No decision was made against defendants and we see neither error nor prejudice.

The 17th assignment related to the imposition of costs and we think the court was fully justified in imposing them.

The judgment should be affirmed.